IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EUGENIO GARCIA-CASTILLO,

        Petitioner,                     Civ. No. 2:16-cv-1013
                                          Crim. No. 2:15-cr-0139(4)
       v.                                 JUDGE MICHAEL H. WATSON
                                          Magistrate Judge King

UNITED STATES OF AMERICA,

        Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, challenges his sentence pursuant to 28 U.S.C. § 2255. *Motion to Vacate* (Doc. 139). This matter is before the Court on its own motion to consider the sufficiency of the *Motion to Vacate*, as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

In December 2015, Petitioner was convicted, on his plea of guilty, to a charge of conspiracy to distribute and to possess with intent to distribute 1,000 grams or more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and was sentenced to a term of imprisonment of thirty (30) months. *Judgment* (ECF No. 68). Petitioner did not pursue a direct appeal from that judgment. In his *Motion to Vacate,* Petitioner relies on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), and claims entitlement to a sentence reduction based on Amendment 794 to the United States Sentencing Guidelines, under U.S.S.G. § 3B1.2, due to his alleged minor role in the offense.

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

> without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to obtain relief under 28 U.S.C. § 2255, a prisoner must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quotations omitted). Moreover, "it is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)). Accordingly, if a claim could have been raised on direct appeal, but was not, the Court will not consider the claim in a motion filed under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claim previously; or (2) that he is "actually innocent" of the crime. *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Applying these principles here, Petitioner's motion must fail.

As noted *supra*, Petitioner did not file an appeal from his conviction. Thus, Petitioner must clear the high bar articulated in *Ray* – *i.e.,* cause for and actual prejudice sufficient to excuse his failure to appeal, or his actual innocence. The *Motion to Vacate* makes no such showing. Moreover,

> nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver . . . . [W]hen a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been a fundamental unfairness, or what amounts to a breakdown of the trial process.

*Sutton v. United States*, 85 F.3d 629, No. 95-6124, 1996 WL 233981, at *2–3 (6th Cir. May 7, 1996) (quoting *Grant v. United States*, 72 F.3d 503 (6th Cir. 1996)). This is not such a case, and Petitioner's failure to pursue a direct appeal from his conviction serves to foreclose the relief sought in the *Motion to Vacate*.

Moreover, Petitioner's reliance on *United States v. Quintero-Leyva* is misplaced. In *Quintero-Leyva*, the United States Court of Appeals for the Ninth Circuit held that Amendment 794

2

applies retroactively on *direct appeal*. 823 F.3d at 523. That case did not hold – nor has any other case held – that relief under the amendment is available on *collateral review*. *See, e.g.*, *Jones v. United States*, 2016 U.S. Dist. LEXIS 126058, at *3 (E.D.N.C. Sept. 16, 2016) (citing *United States v. Perez-Carrillo*, Nos. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016)); *United States v. Tapia*, 2016 U.S. Dist. LEXIS 124706, at *2 (M.D. Fla. Sept. 14, 2016); *Young v. United States*, 2016 U.S. Dist. LEXIS 112765, at *3–4 (C.D. Ill. Aug. 24, 2016) ("[Petitioner] argues that, under *Quintero-Leyva*, she should be considered for a sentence reduction based on Section 3B1.2's newly amended commentary. But this case is not a direct appeal; it is a collateral attack, and consequently the *Quintero-Leyva* court's reasoning does not apply here."). Thus, for this additional reason, the *Motion to Vacate* must fail.

In any event, Petitioner has not alleged "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short*, 471 F.3d at 691 (quotations omitted). Instead, he asks that the 2015 edition of the United States Sentencing Commission Guidelines Manual be retroactively applied to this case. *Motion to Vacate* (ECF No. 137, PageID# 400). Specifically, Petitioner claims entitlement to a sentence reduction based on Amendment 794 to the United States Sentencing Guidelines, made effective November 1, 2015, under U.S.S.G. § 3B1.2. That Guideline provides:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

Amendment 794, which became effective on November 1, 2015, changed the prior version of § 3B1.2 by clarifying that a criminal defendant's culpability is to be determined only by reference to

3

co-participants and not by reference to a "typical offender"; the amendment also provides a non-exhaustive list of factors to be considered by the sentencing court in determining whether to apply a mitigating role adjustment under § 3B1.2 and, if so, the amount of that adjustment.[1] *See United States v. Benally*, No. CR 14-3430, 2015 WL 7814678, at *10 n.4 (D.N.M. Nov. 20, 2015) (citing United States Sentencing Commission, Amendments to the Sentencing Guidelines 45 (2015), and U.S.S.G. § 3B1.2, cmt. 3(A) ("This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity.")). Petitioner claims that, pursuant to the 2015 Guidelines, he is entitled to a sentence reduction because he was "not as culpable as the other participants in the criminal activity." *Motion to Vacate* (ECF No. 137, PageID# 403). But the 2015 Guidelines *were* applied in his case, *Presentence Investigation Report*, ¶ 30, and Petitioner was granted a 2 level reduction in the offense level because he "was viewed as a minor participant in the offense." *Id.* at ¶

---

[1] Commentary note 3(C) now states:

> Fact–Based Determination.—The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case. In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts of the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. § 3B1.2, cmt. 3(C).

35. Moreover, his counsel urged a sentence reduction based on Petitioner's "relative [minor] culpability, as compared with the culpability of his co-defendants. . . ." *Defendant Eugenio Garcia-Castillo Sentencing Memorandum* (ECF No. 50, PageID# 147). Finally, Petitioner's actual sentence fell below the sentence suggested by the Guidelines. *See Presentence Investigation Report*, ¶ 63. Under all these circumstances, Petitioner has not shown "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short*, 471 F.3d at 691 (quotations omitted).

The Magistrate Judge therefore **RECOMMENDS** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
October 25, 2016